UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC GRIFFIN WALKER,

    Plaintiff,

v.

COMMISSION OF SOCIAL
SECURITY,

    Defendant.
    _____/

Case No. 2:18-cv-12928

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS [24],
ADOPTING REPORT AND RECOMMENDATION [23],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [19]**

The Commissioner of the Social Security Administration ("SSA") denied Plaintiff Eric Griffin Walker's application for supplemental security income and disability insurance benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 11-3, PgID 228–38. On appeal to the SSA Appeals Council, the Council vacated the ALJ's determination and remanded the action. *Id.* at 245–46. On remand, the ALJ held a second hearing and again issued a decision denying Walker's application for supplemental security income and disability insurance benefits. ECF 11-2, PgID 47–70. After the SSA Appeals Council declined to review the ruling, Walker appealed. ECF 1. The Court referred the matter to Magistrate Judge Patricia T. Morris, and the parties filed cross-motions for summary judgment. ECF 3, 15, 19. The magistrate judge issued a report and recommendation ("Report") suggesting that the Court deny Walker's motion and grant the Commissioner's motion. ECF 23.

1

Walker timely filed objections to the Report. ECF 24. After examining the record and considering Walker's objections de novo, the Court has concluded that his arguments do not have merit. Accordingly, the Court will overrule the objections, adopt the Report's findings, deny Walker's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

**BACKGROUND**

The Report properly details the events giving rise to Walker's action against the Commissioner. ECF 23, PgID 1884–1932. The Court will adopt that portion of the Report.

**LEGAL STANDARD**

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Individuals who receive an adverse final decision from the Commissioner may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the Commissioner's conclusions absent a

determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys. – Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

**DISCUSSION**

Walker raises three objections. The Court will address each in turn.

I. Objection 1

First, Walker argues that the magistrate judge failed to address his claim that the ALJ erred by not providing "good reasons" for discounting the opinion of Dr. Chapman—a treating physician. ECF 24, PgID 1950. But the magistrate judge did address the various reasons that the ALJ cited in affording Dr. Chapman's opinion only little weight. *See* ECF 23, PgID 1942–44. For example, the ALJ found that Dr. Chapman's findings had internal inconsistencies, that Dr. Chapman's later progress reports indicated that Walker was "much better" and that his systems were

3

functioning as "normal," that Walker's physical activity level—including extensive trips to North Dakota and Europe—was inconsistent with a person with such severe ailments as Dr. Chapman opined, and that the weight of the medical evidence was contrary to Dr. Chapman's opinion. *See* ECF 11-2, PgID 63–66. The reasons cited by the ALJ are sufficient to discount Dr. Chapman's opinion on Walker's work-like abilities. *See Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009). Walker's first objection therefore lacks merit.

To the extent that Walker is merely rehashing his argument from his motion for summary judgment that the ALJ failed to provide sufficiently specific "good reasons" for affording Dr. Chapman's opinion little weight, his objection is improper. The magistrate judge sufficiently addressed and properly rejected that argument in her Report. *See Bentley v. Colvin*, No. 16-11314, 2017 WL 3768941, at *2 (E.D. Mich. Aug. 31, 2017). The ALJ cited to numerous "good reasons" for discounting Dr. Chapman's opinion that Walker's condition was severe, including later progress reports prepared by Dr. Chapman himself. *See* ECF 11-2, PgID 63–66. The Court will therefore overrule Walker's first objection.

II. <u>Objection 2</u>

Second, Walker argues that the magistrate judge mischaracterized his argument relating to his ability to work on a "regular and continuing basis." ECF 24, PgID 1951–52. Walker claims that, by mischaracterizing the argument, the magistrate judge failed to correct the ALJ's error in discounting Dr. Chapman's opinion. *Id.* at 1953. As determined above, however, the ALJ did not improperly

4

discount Dr. Chapman's opinion. Rather, the ALJ correctly concluded that Dr. Chapman's opinion was inconsistent with other substantial evidence in the record and therefore properly afforded it little weight.

And the magistrate judge did not misstate the standard for the ability to work on a "regular and continuing basis" under SSR 96-8p. Walker seems to argue that the ALJ, and in turn the magistrate judge, failed to take into consideration that even though someone can have "mostly normal" examinations, that person may still not be able to work on a sustained basis. ECF 24, PgID 1952. But the ALJ's determination was not based only on "mostly normal" examinations by Dr. Chapman. Rather, the ALJ cited to numerous pieces of evidence and other medical findings to conclude that Walker was not disabled and was able to work on a "regular and continuing basis." *See* ECF 11-2, PgID 53–68.

The Report was correct in its analysis that most of Walker's examinations were "stable" or "normal" contributes to a finding that Walker could work for the requisite sustained period. An ability-to-work determination requires looking to the full record to resolve if a person can "sustain[] work activities in an ordinary work setting on a regular and continuing basis." *Hall v. Comm'r of Soc. Sec.*, No. 15-12904, 2016 WL 8115401, at *9 (E.D. Mich. July 25, 2016). And here, the ALJ "highlighted the numerous 'normal' and 'unremarkable' objective findings in the record," as well as cited to numerous other medical findings and portions of the record, to properly conclude that Walker could perform sustained work. *See id.* The Court will therefore overrule Walker's second objection.

5

III. <u>Objection 3</u>

Third, Walker argues that the magistrate judge did not accurately analyze Dr. Bray's report. ECF 24, PgID 1953. But the magistrate judge did not misstate the findings of Dr. Bray. Dr. Bray opined that Walker had a moderate to marked limitation in responding to changes in a work routine and usual work situations. ECF 11-2, PgID 60. But as the ALJ and the magistrate judge properly found, *id.* at 61; ECF 23, PgID 1941, his opinion was inconsistent with other substantial evidence in the record, including other medical opinions that Walker was not significantly limited in his ability to sustain an ordinary work routine, other opinions from Dr. Bray himself, the overall medical evidence in the record, and Walker's own admissions. *See* ECF 11-2, PgID 60–61.

Walker's third objection seems to take issue with the ALJ's determination that Dr. Bray's findings should be afforded little weight. His objection is therefore improper because it merely attempts to rehash an argument that the magistrate judge sufficiently addressed and properly rejected. *See Bentley*, 2017 WL 3768941, at *2. As already mentioned, significant evidence in the record contradicted Dr. Bray's finding that Walker had moderate to marked difficulty responding appropriately to usual work situations and changes to them. The ALJ therefore properly discounted Dr. Bray's opinion. The Court will overrule Walker's third objection.

**CONCLUSION**

The Court has carefully reviewed the parties' motions, the Report, and Walker's objections. The Court finds Walker's objections unconvincing and agrees

with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Walker's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Walker's objections [24] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [23] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Walker's motion for summary judgment [15] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment [19] is **GRANTED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 11, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 11, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager